UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN J. SCHNEIDER,

                Plaintiff,

      v.

LISA HASTINGS,

                Defendant.

**DECISION AND ORDER**

1:19-CV-01504 EAW

---

BRIAN J. SCHNEIDER,

                Plaintiff,

      v.

JAYME MAST,

                Defendant.

1:19-CV-01505 EAW

---

BRIAN J. SCHNEIDER,

                Plaintiff,

      v.

CHARLES STEIGER and LORI DEXTER,

                Defendants.

1:19-CV-01506 EAW

---

**INTRODUCTION**

Plaintiff Brian J. Schneider is a former employee of the United States Department of Veterans Affairs (the "VA") who commenced three separate actions in small claims court against former VA coworkers.  The instant actions were removed to this Court on November 6, 2019.  (Civil Action No. 19-cv-1504 (the "Hastee Action"), Dkt. 1; Civil Action No. 19-cv-1505 (the "Mast Action"), Dkt. 1; Civil Action No. 19-cv-1506 (the "Steiger Action"), Dkt. 1).  On November 7, 2019, Defendant Lisa Hastee[1] filed a motion to consolidate these cases.  (Hastee Action, Dkt. 3).  Ms. Hastee and defendants Jayme Mast and Charles Steiger filed motions to dismiss for lack of subject matter jurisdiction in their respective cases on November 14, 2019, and November 15, 2019.  (Hastee Action, Dkt. 4; Mast Action, Dkt. 3; Steiger Action, Dkt. 3).  Ms. Hastee also moved to substitute the United States as the sole defendant in Plaintiff's action against her.  (Hastee Action, Dkt. 4).  Ms. Hastee, Ms. Mast, and Mr. Steiger are hereinafter collectively referred to as "Moving Defendants."

For the reasons set forth below, the Court grants Ms. Hastee's motion to substitute a party and dismisses Plaintiff's claims against the Moving Defendants for lack of subject matter jurisdiction.  The Court denies Ms. Hastee's motion to consolidate as moot. Plaintiff's claims against non-moving defendant Lori Dexter are remanded to Lancaster Village Court.

---

[1]     Ms. Hastee is incorrectly identified as Lisa "Hastings" in Plaintiff's pleadings.  (*See* Hastee Action, Dkt. 3-1 at 1 n.1).

## BACKGROUND

Plaintiff was hired by the VA on February 3, 2019, as a Housekeeping Aid, Grade 2, at the Batavia VA Medical Center (the "Batavia VAMC"). (Hastee Action, Dkt. 4-2). Defendant Lisa Hastee is an Environmental Maintenance Services Supervisor at the Batavia VAMC, defendant Jayme Mast is a Licensed Practical Nurse at the Batavia VAMC, and defendant Charles Steiger is a Housekeeping Aid at the Batavia VAMC. (Hastee Action, Dkt. 4-1 at 2; Mast Action, Dkt. 3-1 at 2; Steiger Action, Dkt. 3-1 at 2).

On September 19, 2019, Plaintiff was terminated from his employment at the Batavia VAMC during his probationary period for unacceptable performance. (Hastee Action, Dkt. 3-2 at 2-3). The effective date of his termination was September 20, 2019. (*Id*. at 2).

Plaintiff thereafter commenced: (1) an action against Ms. Hastee in Batavia City Court, Small Claims Part, seeking $4,999.00 in lost wages and alleging "Libel/Slander" on the basis that Ms. Hastee "wrote a termination letter about [Plaintiff] with untrue statements," causing his employment to be terminated; (2) an action against Ms. Mast in Batavia City Court, Small Claims Part, alleging "Breach of Contract" and seeking $4,990.00 in lost wages; and (3) a small claims action against Mr. Steiger and non-moving defendant Lori Dexter in Lancaster Village Court alleging breach of contract and seeking $999.00 in lost income. (Hastee Action, Dkt. 3-2 at 7-12).

These cases were removed to this Court on November 6, 2019. (Hastee Action, Dkt. 1; Mast Action, Dkt. 1; Steiger Action, Dkt. 1). Ms. Hastee filed her motion to consolidate on November 7, 2019 (Hastee Action, Dkt. 3), and her motion to substitute a

- 3 -

party and for dismissal on November 14, 2019 (Hastee Action, Dkt. 4).  Ms. Mast and Mr. Steiger filed their motions for dismissal on November 15, 2019.  (Mast Action, Dkt. 3; Steiger Action, Dkt. 3).  The Court entered a scheduling order setting a deadline of December 20, 2019, for Plaintiff to respond to the pending motions. (Hastee Action, Dkt. 5; Mast Action, Dkt. 4; Steiger Action, Dkt. 4).  Plaintiff did not file a response to any of the motions in any of the actions.

## DISCUSSION

### I.    Ms. Hastee's Motion to Substitute the United States as Defendant

The Court considers first Ms. Hastee's motion to substitute the United States as a defendant.  Pursuant to the Federal Torts Claim Act (the "FTCA"), state common-law tort claims cannot be brought against a federal employee acting within the scope of his or her employment.  *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[T]he FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment[.]"); *see* 28 U.S.C. § 2679(b)(1).  Instead, when a federal employee is sued for a state common-law tort, a United States Attorney determines whether the employee was acting within the scope of his or her employment, and if so, "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1)-(2); see 28 C.F.R. § 15.4 ("The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.").

- 4 -

In this case, Plaintiff alleges the state common-law torts of libel and slander against Ms. Hastee.  On October 29, 2020, United States Attorney James P. Kennedy, Jr., certified that Ms. Hastee was an employee of the VA and was acting within the scope of her employment with respect to Plaintiff's claims.  (Dkt. 4-2 at 9-10).  Accordingly, the Court grants Ms. Hastee's motion to substitute the United States as defendant in her place.

II.     **Motions to Dismiss for Lack of Subject Matter Jurisdiction**

A.     **Legal Standard**

"When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd*., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).  "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the [c]ourt 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Celestine v. Mt. Vernon Neighborhood Health Ctr*., 289 F.Supp.2d 392, 399 (S.D.N.Y. 2003) (citation omitted), *aff'd*, 403 F.3d 76 (2d Cir. 2005). "The court may consider affidavits and other materials beyond the pleadings but cannot 'rely on conclusory or hearsay statements contained in the affidavits.'" *Young v. United States*, No. 12-CV-2342 (ARR)(SG), 2014 WL 1153911, at *6 (E.D.N.Y. Mar. 20, 2014) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch*., 386 F.3d 107, 110 (2d Cir. 2004)).

**B.**    **Ms. Hastee's Motion to Dismiss**

Having found that the United States must be substituted as defendant in place of Ms. Hastee, "the lawsuit proceeds as if brought under the FTCA and is subject to the limitations and exceptions applicable to actions brought under the FTCA." *Lipkin v. U.S. S.E.C.*, 468 F. Supp. 2d 614, 624 (S.D.N.Y. 2006) (quotation omitted).  Of relevance to this action, the FTCA contains an explicit bar on "[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit."  28 U.S.C. § 2680(h).  The Court thus lacks jurisdiction over Plaintiff's claims that Ms. Hastee engaged in libel and/or slander by making false statements in connection with his termination.  *See Brockway v. VA Connecticut Healthcare Sys.*, No. 3:10-CV-719 CSH, 2012 WL 2154263, at *8 (D. Conn. June 13, 2012) ("[L]ibel and slander do not fall within the FTCA's waiver of sovereign immunity and are thus not within the Court's jurisdiction.").  This is true even though it has the practical affect of leaving Plaintiff without an avenue to pursue his libel and slander claims.  *See Catania v. Herbst*, 916 F. Supp. 2d 266, 273 (E.D.N.Y. 2013)  (dismissing defamation claim against federal employee acting in his official capacity and holding that "[t]his result must obtain even though it leaves the plaintiff with no available defendant against whom [the plaintiff] may pursue his claims of defamation.").

Plaintiff's claims in the Hastee Action are further subject to dismissal because Plaintiff did not file an administrative claim with the VA prior to commencing suit.  The FTCA provides in relevant part that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]

28 U.S.C. § 2675(a).  The requirement to file an administrative claim prior to commencing an FTCA action "is jurisdictional and cannot be waived."  *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

The Court accordingly finds that the Hastee Action must be dismissed in its entirety for lack of subject matter jurisdiction.

### C.    Ms. Mast's and Mr. Steiger's Motions to Dismiss

U.S. Attorney Kennedy has also certified that Ms. Mast and Mr. Steiger were acting within the scope of their respective employments in connection with Plaintiff's claims. (*See* Dkt. 4-2 at 9-10).  "Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity."  *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010).

No such waiver exists with respect to Plaintiff's breach of contract claims against Ms. Mast and Mr. Steiger.  To the contrary, breach of contract claims arising from federal employment are governed by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2301 *et seq*., which provides the exclusive remedy for challenges to personnel actions, including removal, taken against federal employees.   *Tiltti v. Weise*, 155 F.3d 596, 600 (2d Cir. 1998); *see also Lafayette v. Frank*, 688 F. Supp. 138, 142-43 (D. Vt. 1988)  (explaining that pursuant to the CSRA, "if subjected to a removal, a suspension for more than 14 days,

a reduction in grade or pay, or a furlough of 30 days or less, plaintiff would be entitled to Merit Systems Protection Board (MSPB) review and, eventually, judicial review by the Federal Circuit.").   Subject to narrow exceptions not implicated here, "a federal government employee cannot obtain a remedy for a violation of the CSRA in a federal district court."  *Ugarte v. Johnson*, 40 F. Supp. 2d 178, 181 (S.D.N.Y. 1999).

Because the CSRA provides "the exclusive administrative remedies" for a federal employee's breach of contract claim, it is appropriate for a district court to dismiss such claims for lack of subject matter jurisdiction.  *Munoz v. Locke*, 634 F. App'x 166, 167 (9th Cir. 2015); *see also Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 374 (5th Cir. 2007) ("CSRA provides the exclusive remedy for claims against federal employers, thereby precluding any other causes of action. Consequently, courts have rejected constitutional, tort, and contract claims as being precluded by the CSRA." (citations omitted));  *Legg v. Conklin*, No. 04-CV-6549T, 2009 WL 691917, at *1 (W.D.N.Y. Mar. 12, 2009) ("[A]ny claim of a breach of contract by a co-employee is governed by the Civil Service Reform Act[.]").   The Court accordingly finds that it lacks subject matter jurisdiction over Plaintiff's claims against Ms. Mast and Mr. Steiger.

## III.   Remand of Claims Against Lori Dexter

Lori Dexter is named as a co-defendant in the Steiger Action.  (*See* Steiger Action, Dkt. 3-2).  Ms. Dexter is not a federal employee and the Court lacks original jurisdiction over Plaintiff's claims against her.  Having determined, for the reasons set forth above, that dismissal of all Plaintiff's claims involving federal employees is warranted, the Court declines to exercise its supplemental jurisdiction and instead remands all claims remaining

in the Steiger Action to Lancaster Village Court.  *See* 28 U.S.C. § 1367(c)(3); *see also Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014)  ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

IV.   **Motion to Consolidate**

Ms. Hastee has filed a motion to consolidate these three actions.  (Hastee Action, Dkt. 3).  However, for the reasons set forth above, the Court has determined that the Hastee Action and the Mast Action must be dismissed in their entirety, and is remanding the Steiger Action to the state court.  There is thus no longer any basis for consolidation, and the motion is denied as moot.

**CONCLUSION**

For the foregoing reasons, the Court denies Ms. Hastee's motion to consolidate as moot (Hastee Action, Dkt. 3) and grants Ms. Hastee's motion to substitute the United States as a defendant and for dismissal (Hastee Action, Dkt. 4).  The Court further grants Ms. Mast's  and Mr. Steiger's motions for dismissal.  (Mast Action, Dkt. 3; Steiger Action, Dkt. 3).  Plaintiff's claims against Ms. Hastee, Ms. Mast, and Mr. Steiger are dismissed without prejudice for lack of subject matter jurisdiction.  *See Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) ("[W]hen a court dismisses for lack of subject-matter jurisdiction, that dismissal must be without prejudice.").  The Clerk of Court is instructed to close the Hastee Action (Civil Action No. 19-cv-1504) and the Mast Action  (Civil Action No. 19-cv-1505).  The Steiger Action (Civil Action No. 19-cv-1506) is remanded to Lancaster Village Court for consideration of the claims against the remaining defendant—non-moving defendant Lori Dexter.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: June 24, 2020
        Rochester, New York